BANCO POPULAR DE PUERTO RICO, demandante y apelado, *v.* LUIS GARÓFALO, MATEO ALBANESE y MANUEL MESEGUER, demandados y apelantes.

No. 6207.—*Sometido:* Enero 25, 1935.  *Resuelto:* Diciembre 24, 1935.

*Armando A. Miranda,* abogado de los apelantes; *Monserrat & Monserrat,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Según fué evidenciado por un pagaré otorgado en 1925, que se transcribe en la demanda, los apelantes Luis Garófalo, Mateo Albanese y Manuel Meseguer, al vencimiento del mismo, adeudaban al Banco Popular de Puerto Rico la suma de $9,000 e intereses. La demanda entonces aducía en su cuarto párrafo que el 14 de octubre de 1925, el demandado Luis Garófalo por escritura pública cedió al banco demandante la suma de $7,935.18, que el referido demandado tenía en poder del Comisionado del Interior, como 10 por ciento retenido de ciertas obras que el demandado había ejecutado en Caguas, y cuya suma había de abonarse a los $9,000 mencionados en el pagaré transcrito. El párrafo 5 decía en efecto que de esta cesión el banco tan sólo había podido obtener del Comisionado la suma de $132.

■ Se presentó una excepción previa a la demanda fundada en que los párrafos 4 y 5 demostraban una novación. Aun si estos dos párrafos estuvieran solos, no podríamos ver una novación, sino solamente la cesión de un crédito que debía aplicarse al pagaré al ser cobrado. Al cobrarse, según se ha dicho, tan sólo $132, el traspaso—que equivalía a algo como una falta de causa—fracasó *pro tanto*. Además, el pagaré mismo aducía que ningún pago parcial afectaría la obligación principal, y sólo $132 podían ser considerados como realmente pagados. Esto resuelve el primer señalamiento de error.

Posterior o contemporáneamente los demandados radicaron una excepción previa fundada en que la demanda era ambigua, ininteligible y dudosa. No hallamos que lo sea.

■ Las excepciones fueron declaradas sin lugar. Los demandados contestaron y Luis Garófalo radicó una contrademanda. La cuestión principal durante el juicio fué y es si el documento entregado al banco era una mera cesión o un mandato. El documento substancialmente lee así:

"*Primero:* Que el compareciente don Luis Garófalo, don Mateo Albanese y don Manuel Meseguer mancomunada y solidariamente deben al Banco Popular de Puerto Rico, una obligación o pagaré por la suma de Nueve Mil Dollars vencida el día trece del mes de octubre actual, y que firmaron el día doce de agosto de este año.

"*Segundo:* Que don Luis Garófalo es el contratista con el Municipio de Caguas para la construcción de un edificio para Hospital Municipal y para la casa escuela del barrio de Turabo del término municipal de Caguas.

"*Tercero:* Que conforme a liquidación de las obras del edificio para Hospital Municipal, certificada por el arquitecto don Rafael Carmoega y aprobada por el Comisionado del Interior, don Guillermo Esteves, por trabajo ejecutado hasta el treintiuno de agosto de mil novecientos veinticinco, al constructor don Luis Garófalo, de acuerdo con las condiciones del contrato, se le ha retenido el diez por ciento del montante de la liquidación, o sea la cantidad de seis mil novecientos cuarenticinco dollars y dieciocho centavos; y conforme a liquidación de las obras de la casa escuela del barrio de Turabo de Caguas, certificada por el arquitecto don Rafael Carmoega y apro-

bada por el Comisionado del Interior, don Guillermo Esteves, al contratista don Luis Garófalo se le ha retenido la suma de novecientos noventa dollars, diez por ciento del montante de la liquidación. Suman los importes de las cantidades retenidas siete mil novecientos treinticinco dollars y dieciocho centavos.

"*Cuarto:* Don Luis Garófalo cede a favor del Banco Popular de Puerto Rico sin ninguna reserva ni limitación las expresadas sumas retenidas en los contratos que se han relacionado, subrogándole en su persona, acción, lugar y derecho, para que las cobre y reciba, sujetas a las deducciones a que hubiere lugar de acuerdo con los respectivos contratos, y la suma que hiciese efectiva por su cobro, la abone a cuenta de la obligación vencida que al Banco cesionario debe el cedente don Luis Garófalo mancomunada y solidariamente con don Mateo Albanese y don Manuel Meseguer, que se ha reseñado en el párrafo primero de este instrumento.

"*Quinto:* De la presente cesión don Luis Garófalo dará conocimiento al señor Comisionado del Interior, Auditor de Puerto Rico, Alcalde, Contador y Tesorero del Municipio de Caguas y demás funcionarios a los que deba ser notificada al efecto de que sea reconocido el Banco Popular de Puerto Rico como cesionario de don Luis Garófalo, y se le hagan los pagos procedentes y a su nombre se libren los cheques u órdenes de pago, facultando y apoderando al Banco cesionario para que firme los recibos, cartas de pago y resguardos que sean necesarios.

"*Sexto:* El Banco Popular de Puerto Rico y en su nombre su Gerente Don Enrique Cerecedo, acepta la cesión y la presente escritura en todas sus partes."

De sus términos no se ve en este documento nada similar a un mandato. Dudamos que las partes durante el juicio al presentar su prueba tuvieran derecho a ir más allá de los términos del documento. No podemos ver, sin embargo, cómo la prueba excluída o incluída podía convertir al banco en un agente de Garófalo para fines de cobro, o que pudiera imputarse al banco negligencia en la forma alegada en la contrademanda. La corte inferior discutió más extensamente la cuestión y de manera concluyente. Se puede referir a su opinión. Esto resuelve los señalamientos 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, y 19, o de lo contrario no eran perjudiciales. Algunos de ellos se referían a la cuestión de

daños y perjuicios. Otros a la inclusión o exclusión **de** prueba o testimonio que al ser analizado no podía convertir al banco en un agente o en entidad negligente. Podemos agregar que tal agencia de parte del banco sería por demás extraordinaria. Todos esos señalamientos fueron discutidos por el apelado y puede hacerse referencia a su alegato.

█ El segundo señalamiento de error se refiere a **una** cuestión suscitada por el apelado durante el curso de los **procedimientos, y aparentemente abandonada. No se dictó resolución alguna contra los demandados y no vemos que se cometiera error ni hubiera perjuicio.

El señalamiento 17 se refiere a la condena de costas **y** creemos que la corte estuvo plenamente justificada al imponerlas.

*Debe confirmarse la sentencia apelada.*